## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ERIC LAMONT JOHNSON,

    Defendant-Petitioner,

v.

No. CV 16-00548 MV/CG
No. CR 03-00477 MV

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

## **MEMORANDUM OPINION AND ORDER NOT ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (CV Doc. 19), filed November 14, 2016.[1] In the PFRD, Judge Garza concluded that Petitioner Eric Lamont Johnson was improperly sentenced under the United States Sentencing Guidelines and recommended that his *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "Motion"), (CV Doc. 1), be granted. (CV Doc. 19 at 12).

The parties were notified that written objections to the PFRD were due within 14 days. (CV Doc. 19 at 12). Respondent United States of America filed *United States' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition* (the "Objections"), (Doc. 21), on November 25, 2016, and Petitioner filed his *Response to United States' Objections to Magistrate Judge's Proposed Findings and Recommended Disposition*, (Doc. 22), on November 30, 2016. After a *de novo* review of the record and the PFRD, the Court denies Petitioner's Motion.

---
[1] Documents referenced as "CV Doc. \_\_\_\_" are from case number CV 16-00548 MV/CG. Documents referenced as "CR Doc. \_\_\_\_" are from case number CR 03-00477 MV.

**I.   Background**

On October 21, 2004, Petitioner pled guilty to possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (CR Doc. 144). Pursuant to the plea agreement, Respondent recommended Petitioner receive a 60 month sentence–the statutory minimum. (CR Doc. 147 at 6). However, Petitioner qualified as a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") based on prior convictions for crimes of violence. (CR Doc. 235 at 3). Specifically, Petitioner's convictions for being a prisoner in possession of a weapon qualified as crimes of violence under the residual clause in § 4B1.2(a)(2) of the Guidelines, which defined a crime of violence as any crime that "involves conduct that presents a serious potential risk of physical injury to another." (CR Doc. 235 at 3); U.S.S.G. § 4B1.2(a)(2) (2008). Because of Petitioner's career offender status, his Guideline sentence range was 360 months to life imprisonment. (CR Doc. 246 at 7, 10, 29, 32-33). Ultimately, Petitioner received a 180 month sentence in December, 2008. (CR Doc. 246 at 37, 40).

On June 9, 2016, Petitioner filed his Motion, arguing that he was unconstitutionally sentenced following the Supreme Court of the United States' ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the Tenth Circuit Court of Appeals' ruling in *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015). (CV Doc. 9 at 3-5). In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2557. In *Madrid*, the Tenth Circuit concluded that the identical residual clause in § 4B1.2(a)(2) is also unconstitutionally vague and "cannot be used to justify" enhancing a criminal

2

defendant's sentence. 805 F.3d at 1210. The Tenth Circuit necessarily held in *Madrid* that the Guidelines may be void for vagueness. *Id.* at 1210-11. Petitioner argued that *Johnson* and *Madrid* are retroactively applicable to his case and he is entitled to be resentenced. (CV Doc. 9 at 8).

Respondent countered that *Johnson* is not retroactively applicable in collateral proceedings challenging the constitutionality of sentences enhanced under § 4B1.2(a)(2). (CV Doc. 12 at 4-10). According to Respondent, *Johnson*, as applied to § 4B1.2(a)(2), operated as a procedural rule that did not apply retroactively. (CV Doc. 12 at 4-10). In the alternative, Respondent requested the Court stay these proceedings pending the outcome of *Beckles v. United States*, 137 U.S. 886 (2017), which had not yet been decided.

On November 11, 2016, Judge Garza declined to stay these proceedings and recommended granting Petitioner's Motion. (CV Doc. 19 at 3, 12). Judge Garza denied a stay because Petitioner could have been eligible for release if the Court granted Petitioner's Motion. (CV Doc. 19 at 3) (citing *U.S. v. Miller*, No. 16-8080 (10th Cir. Nov. 2, 2016); *U.S. v. Carey*, No. 16-8093 (10th Cir. Nov. 4, 2016)). Further, Judge Garza concluded that *Johnson* and *Madrid* were retroactively applicable to Petitioner's sentence following the Supreme Court's decision in *Welch v. United States*, 136 S. Ct. 1257 (2016). Finally, Judge Garza examined the record and determined that Petitioner's sentence was enhanced, at least in part, in reliance on the unconstitutional residual clause in § 4B1.2(a)(2). (CV Doc. 19 at 10-11). Thus, because Petitioner was unconstitutionally sentenced and was eligible for relief under *Johnson*, Judge Garza recommended granting Petitioner's Motion. (CV Doc. 19 at 12).

Respondent timely objected to Judge Garza's PFRD. (CV Doc. 21). Respondent primarily objected to Judge Garza's declination to stay these proceedings. Respondent maintained that the more prudent course of action was to stay this case pending the Supreme Court's decision in *Beckles*. (CV Doc. 21 at 2). Finally, Respondent stated that if the Court denied a stay, the Court should reject Judge Garza's recommendation. (CV Doc 21 at 2-3). Respondent cites its prior brief but does not specifically object to any part of Judge Garza's analysis. (CV Doc. 21 at 3).

In response, Petitioner argued that a stay was inappropriate following the Tenth Circuit's orders in *United States v. Miller*, No. 16-8080 (10th Cir. Nov. 2, 2016), *United States v. Carey*, No. 16-9083 (10th Cir. Nov. 4, 2016), and *United States v. Smith*, No. 16-8091 (10th Cir. Nov. 9, 2016). Petitioner also cited his prior briefing in support of Judge Garza's PFRD. (CV Doc. 22 at 3).

On March 6, 2017, the Supreme Court decided *Beckles*, holding that the Guidelines are not subject to vagueness challenges and that the residual clause in § 4B1.2 is not unconstitutionally vague. 137 S. Ct. at 891-92. Specifically, the Court reasoned that "[b]ecause they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." *Id.* at 894. Thus, *Johnnson* is inapplicable to the Guidelines, and the Tenth Circuit's decision in *Madrid* has been abrogated. *Id.* at 892 n.2.

**II.    Analysis**

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and

4

recommendations for disposition. Within fourteen days of being served, a party may file objections to this recommendation. Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. FED. R. CIV. P. 72(b).[2]

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *U.S. v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also U.S. v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In this case, Respondent objected to Judge Garza's refusal to stay the case and to Judge Garza's ultimate recommendation. (CV Doc. 21 at 2-4). Because *Beckles* has been decided, the stay issue is mooted. Similarly, *Beckles* resolves the merits of Petitioner's Motion. Both Petitioner's Motion and Judge Garza's recommendation rested on the premises that *Johnson* applies to the Guidelines and that § 4B1.2(a)(2) is

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

5

unconstitutionally vague. (CV Doc. 9 at 4-5; Doc. 19 at 4). *Beckles* unequivocally states that because the Guidelines are not subject to vagueness challenges, *Johnson* does not apply to the Guidelines and § 4B1.2(a)(2) is not unconstitutionally vague. 137 S. Ct. at 891-92. Thus, even if Petitioner was sentenced in reliance on the residual clause, he is ineligible for relief. *See U.S. v. Evans*, No. 16-1171 (10th Cir. Mar. 27, 2017) (unpublished) (affirming denial of § 2255 motion challenging sentence in light of *Beckles*); *U.S. v. Taylor*, No. 16-1350 (10th Cir. Mar. 13, 2017) (unpublished) (same).

### III. Conclusion

For the foregoing reasons, the Court finds that one of Respondent's objections is moot and that Petitioner is ineligible for relief following *Beckles*.

**IT IS THEREFORE ORDERED** that Judge Garza's *Proposed Findings and Recommended Disposition*, (CV Doc. 19), should **NOT BE ADOPTED**. Petitioner's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, (CV Doc. 7), will be **DENIED**.

_____
THE HONORABLE MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE