## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ERIC LAMONT JOHNSON,

    Plaintiff-Petitioner,

v.

UNITED STATES OF AMERICA,

    Defendant-Respondent.

No. CV 16-00548 MV/CG
No. CR 03-00477 MV

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Eric Lamont Johnson's *Motion to Amend* (the "Motion"), (CV Doc. 26), filed May 1, 2017.[1] United States District Judge Martha Vazquez referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (CV Doc. 11). Having considered Petitioner's Motion and the relevant law, the Court **RECOMMENDS** that Petitioner's Motion be **DENIED**.

### I.    Background

On June 9, 2016, Petitioner filed a *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "2255 Motion"), (CV Doc. 1). Petitioner argued that following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, he was entitled to be resentenced without being considered a career offender. (CV Doc. 1 at 4-5, 12). Petitioner was not sentenced under the ACCA though; he was sentenced in reliance on the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). (CV Doc. 5 at 8; CR Doc. 235 at 3-

---

[1] Documents referenced as "CV Doc.___" are from case number 16-cv-548-MV-CG. Documents referenced as "CR Doc.___" are from case number 03-cr-477-MV.

4). Petitioner argued that *Johnson* applied to the residual clause in Guidelines § 4B1.2 and that he should not have been deemed a career offender. (CV Doc. 5 at 8-9; CV Doc. 9 at 4-6).

On March 6, 2017, the Supreme Court of the United States held that *Johnson* does not apply to the Guidelines. *Beckles v. U.S.*, 137 S. Ct. 886, 890 (2017). The Supreme Court concluded that because of their advisory nature, the Guidelines are not subject to vagueness challenges. *Id.* Accordingly, on April 27, 2017, Petitioner's 2255 Motion was denied, as the basis of Petitioner's argument had been explicitly rejected by the Supreme Court. (CV Doc. 24 at 4-6).

Four days later, the instant Motion was filed. (CV Doc. 26). Although Petitioner titled the Motion a "Motion to Amend" and stated in the Motion that he is "requesting to be allowed to amend his petition," Petitioner does not propose any amendment. Rather, Petitioner cites *Mathis v. United States*, 136 S. Ct. 2243 (2016), in support of his argument that he should be resentenced. (CV Doc. 26 at 2-4). In *Mathis*, the Supreme Court clarified aspects of the categorical approach and modified categorical approach, which are used to determine if prior convictions are for "crimes of violence." *Mathis*, 136 S. Ct. at 2248-50. Specifically, the Supreme Court distinguished between "elements" and "means," and held that the categorical approach involves comparing only "elements" and not "means." *Id.* at 2248, 2257. The *Mathis* opinion does not discuss or express any opinion on the Guidelines or § 4B1.2.

II.     **Analysis**

"Regardless of how it is styled, courts consider a motion filed within [28] days of the entry of judgment that questions the correctness of the judgment to be a Rule 59(e)

2

motion." *Trotter v. Regents of Univ. of N.M.*, 219 F.3d 1179, 1183 (10th Cir. 2000); *see* Fed. R. Civ. P. 59(e). This includes motions for leave to file an amended complaint or motions for leave to amend the complaint. *See Vreeken v. Davis*, 718 F.2d 343, 345 (10th Cir. 1983) (motion for leave to file amended complaint); *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986) (motion to amend complaint). The purpose of a motion under Rule 59(e) is to correct manifest errors of law or to present new evidence. *Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012). "Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012).

As noted, Petitioner does not move to amend his petition to add any new allegations or present any new evidence. Petitioner only cites *Mathis* and maintains that his prior conviction for being a prisoner in possession of a weapon does not qualify as a crime of violence. (CV Doc. 26 at 3). However, *Mathis* is unavailing for Petitioner. *Mathis* did hold that Iowa burglary is not a violent felony under the ACCA. *See Mathis*, 136 S. Ct. at 2551. But *Mathis* did not express any opinion about a conviction for being a prisoner in possession of a weapon. Further, *Mathis*, which was decided nearly a year prior to *Beckles*, did not express anything undermining the holding in *Beckles* that *Johnson* does not apply to the Guidelines. *Beckles*, 137 S. Ct. at 892. Thus, Petitioner has not presented an intervening change in controlling law, previously unavailable evidence, or any clear error or manifest injustice. Consequently, the Court recommends denying Petitioner's Motion.

### III. Conclusion

For the foregoing reasons, the Court finds that Petitioner has not presented any grounds warranting granting his Motion. **IT IS THEREFORE RECOMMENDED** that Petitioner's *Motion to Amend* (the "Motion"), (CV Doc. 26), be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE